UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAPLES LASER AND MEDSPA, INC., a Florida corporation, NAPLES LASER AND MEDSPA OF BONITA SPRINGS, INC., a Florida corporation, and PAMELA J. NEITZEL, an individual,

     Plaintiffs,

v.

IMAGES MED SPA MOKENA, LLC, an Illinois limited liability company, JEFFREY M. GLAZER, an individual, SCOTT D. GLAZER, an individual, and CAROLINE D. MORRIS, an individual,

     Defendants.

Case No: 2:17-cv-101-FtM-99MRM

## **OPINION AND ORDER**

This matter comes before the Court on review of defendants' Response to Order and Supplement to Notice of Removal (Doc. #8) filed on February 24, 2017. The Court's February 17, 2017, Order (Doc. #4) had directed defendants to supplement their Notice of Removal, or to show cause why the case should not be remanded, as to the alleged amount in controversy, the citizenship of the members of Images Med Spa Mokena, LLC, and the citizenship of the individual plaintiff (Pamela J. Neitzel).

A defendant or defendants may remove a civil action from state court by (1) notice of removal, (2) signed pursuant to Fed. R.

Civ. P. 11, (3) containing a "short and plain statement of the grounds for removal", with (4) a copy of filings served on defendant or defendants in the state court.  28 U.S.C. § 1446(a).  The Court is satisfied that the members of defendant Images Med Spa Mokena, LLC are Jeffrey Glazer and Scott Glazer, and both are domiciled in Illinois.  (Doc. #8, ¶ 1.)  Defendants have not identified any good faith basis under Rule 11 which would have allowed them to assert the citizenship of plaintiff Pamela J. Neitzel's or a sufficient amount in controversy.  Defendants seek the opportunity to conduct discovery in federal court in order to obtain the hoped for factual basis to establish these jurisdictional shortcomings.  The Court declines to allow such discovery.

> The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.
>
> . . . .
>
> Post-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them. Certainly, the power to grant discovery generally is conferred to the sound discretion of the district court, and post-removal jurisdictional discovery may appear to present a viable option for a court examining its jurisdiction. Jurisdictional discovery could avoid the problem of speculation by the court. Sound policy and notions of judicial economy

>  and fairness, however, dictate that we not follow this course.

Lowery v. Alabama Power Co., 483 F.3d 1184, 1215–16 (11th Cir. 2007).  Defendants removed the case without sufficient factual information regarding plaintiff's citizenship, or the amount in controversy, and cannot utilize federal court processes to bootstrap their jurisdictional omissions.  The request for discovery will be denied, and the case remanded to state court for a lack of jurisdiction.

Accordingly, it is hereby

**ORDERED:**

1. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

2. The Clerk is further **directed** to terminate all pending motions and deadlines, and to close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___28th___ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record